**PARAFFINE COMPANIES, Inc., et al. v. LEHON CO.**

**No. 15087.**

District Court, N. D. Illinois, E. D.

June 18, 1937.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., for plaintiffs.

Dean, Fairbank, Hirsch & Foster, of New York City, for defendant.

WOODWARD, District Judge.

The plaintiff is the owner of United States patent 1,568,215, issued January 5, 1926, upon application filed November 28, 1921. The object of the invention is to manufacture a bronzing paint, comprised of a vehicle which forms the foundation when the paint is dry, a finely flaked metal bronzing powder forming a surface coating, and a volatile solvent for the vehicle having the property of floating the flakes of metal without wetting in the solution of the vehicle and solvent. The patent is not limited to the use of asphalt as a binder, size, or agglutinant. Instead, similar bituminous vehicle materials may be employed such as Stearine pitch, rosin and pine pitch.

The theory of the patent is that if particles of bronzing powder, or paste, such as aluminum, are finely flaked they will float, if the essentials are mixed just prior to use, upon the surface of the vehicle without wetting, and despite the dark color of the vehicle, the outer coat will present a lasting bright metallic appearance, weather and heat resisting, and the same is a suitable paint for roofs and metal surfaces.

The product claims, except claim 6, are limited to asphaltum or to a bituminous vehicle. Claims 9, 10, and 11 are method claims and specify grade "D" asphaltum.

The plaintiff alleges that the paint manufactured by the defendants infringes the claims of the patent.

An examination of the prior art discloses that since 1891, asphalt, pitches, and tars of various degrees of hardness have been successfully used as a vehicle for bronzing powders. Indeed, each and every ingredient used in the manufacture of plaintiff's paint is old and has long been known to and used in the art. One of the defendants herein in the year 1912 manufactured and sold "Kopper Kote," a bronzing paint using Gilsonite (a grade of asphalt) as the vehicle.

It is not contended that the plaintiff was the first to flake bronzing powders nor to cause their floatation in a vehicle and solvent without wetting.

The contention that plaintiff was the first to use a dark vehicle under an aluminum coating is contrary to the established art and such claims are anticipatory of the various publications and patents as disclosed therein. The claims of the patent, except claims 9, 10, and 11, which are method claims are, therefore, invalid as not constituting invention.

The method claims specify grade "D" asphaltum, and while the prior art discloses the use of asphalt other than grade D as a vehicle or binder, there is nothing in the record disclosing that a superior result is obtained by the plaintiff in the use of such D grade. Further, the products of the defendants contain no D grade asphalt, but on the contrary Gilsonite (asphalt) is used as the prime vehicle.

The remaining ingredients used by the defendants are found in the prior art, and consequently the paints manufactured by them do not infringe the method claims.

The court finds that the defendants are entitled to a decree dismissing the bill of complaint, with their costs.